FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cramirez at 2:41 pm, Mar 25, 2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>10-21613</u> |
| WILLIAM LEE KENNEDY | ) | |
| | ) | |
| Debtor | ) | |
| | | |
| WILLIAM LEE KENNEDY | ) | |
| | ) | |
| Debtor/Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHANIE HODGES KENNEDY | ) | |
| | ) | |
| Creditor | ) | |
| | ) | |
| and | ) | |
| | ) | |
| M. ELAINA MASSEY | ) | |
| | ) | |
| Chapter 13 Trustee | ) | |
| | ) | |
| Respondents | ) | |

### ORDER CONTINUING CONFIRMATION HEARING ON DEBTOR'S PROPOSED CHAPTER 13 PLAN

Pursuant to notice, this chapter 13 case came on for confirmation hearing March 11, 2011 with objection by Stephanie Hodges Kennedy ("Creditor Ex-Spouse"). At hearing, Debtor intended to use the plan to alter the status of the objecting Creditor Ex-Spouse's claim rather than objecting to the priority status of the claim asserted in the proof of claim. Confirmation of Debtor's plan as proposed will rest on the allowed status of the claim and, because Debtor failed to file a proper objection

to claim before confirmation, I continued this hearing to allow him a chance to do so.

Creditor Ex-Spouse filed proofs of claim in this case on January 6, 2011. The proofs of claim as filed assert that such claims were domestic support obligations entitled to priority status under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). These claims of Creditor Ex-Spouse, Claim #6 in the amount of $21,029.00 and Claim #7 in the amount of $58,264.30, were not objected to prior to the confirmation hearing.

Debtor's proposed plan provided in ¶ 2(c) that "[o]ther § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law." (Plan, ECF No. 6.) Debtor's plan further provided in ¶ 8 that "Debtor will discharge all remaining obligations to former spouse which are not specifically dealt with above." Id. The plan also provided in ¶ 2(e) that claims in the amount of $21,029.00 and $4,050.00 would be paid to Creditor Ex-Spouse as fully secured allowed claims identifying the collateral as "ALIMONY-ATTY FEE" and "ALIMONY-MEDICAL" respectively. Id.

A proof of claim is prima facie evidence of the claim's validity and amount. F.R.B.P. 3001(f). Such claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Rule 3007 of the Federal Rules of Bankruptcy Procedure

2

AO 72A
(Rev. 8/82)

establishes the procedure for filing an objection to a claim. F.R.B.P. 3007.

Rule 3007 does not specify the form that a claim objection should take other than that the objection shall be in writing and filed with the court. Nevertheless, at the very least, a claim objection must be in a form that would put the claimant on notice of the objection to her claim. See, eg., Cen-Pen Corp. v. Hanson, 58 F.3d 89, 94 (4th Cir. 1995); In re Simmons, 765 F.2d 547, 554-56 (5th Cir. 1985)(reasoning that "[t]he purpose of filing an objection is to join [the] issue in a contested matter, thereby placing the parties on notice that litigation is required to resolve an actual dispute of the parties.")

The Fifth Circuit has held that a chapter 13 plan that provides for payment of a claim inconsistent with the status of the claim as evidenced by its proof does not provide clear notice and therefore cannot constitute an objection to a claim. Simmons, 765 F.2d at 552. The reasoning set forth in Simmons, was followed by the Eleventh Circuit. See In re Bateman, 331 F.3d 821, 830-34 (11th Cir 2003)(finding creditor's secured claim unaffected by confirmed plan that treated claim inconsistent with its status.)

Consistent with this reasoning, an objection to the claim of a creditor must be filed by confirmation where the plan propose to treat the claim in a manner inconsistent with the claim as filed. Fryer v. Fryer (In re Fryer), 172 B.R. 1020, 1023 (Bankr.

3

S.D. Ga. 1994)(citing <u>In re Justice Oaks, Ltd.</u>, 898 F.2d 1544 (11th Cir. 1990).)

Here, Debtor sought to alter the priority status of Creditor Ex-Spouse's Claim #7 by merely providing for treatment of the claim inconsistent with the proof. Debtor's plan attempts to skirt the necessity of filing an objection to Creditor Ex-Spouse's claim. At confirmation hearing Debtor sought to prove that, at least in part, Claim #7 is not a domestic support obligation entitled to priority status under § 507(a)(1)(A) or (a)(1)(B). Confirmation of Debtor's plan hinges upon this determination because if the claim is allowed as evidenced by the proof, the plan will not pay out.

Given the significance of this dispute, adherence to the procedures established by the Federal Rules of Bankruptcy Procedure is all the more critical. Accordingly, I have continued the hearing on confirmation of Debtor's plan to allow Debtor to file a proper objection the Creditor Ex-Spouse's claim.

It is therefore **ORDERED** that confirmation is **CONTINUED**. It is **FURTHER ORDERED** that the Clerk will notice confirmation for a specially assigned confirmation hearing along with any timely filed objections to confirmation and claims.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of March, 2011.

4